LOVERLENE D. HUTCHINSON (THOMPSON)
PO BOX 13304
TORRANCE CA 90503
loverlenehutchinson@gmail.com
7038998039
PRO SE

FILED

2026 MAR -9 AM 10: 30

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY: _____ rsm

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**2:26-cv-02478-MWF-DFMx**

| | |
|---|---|
| LOVERLENE D. HUTCHINSON (THOMPSON) | CASE NO.: _____ |
| Plaintiff, | |
| v. | COMPLAINT FOR EMPLOYMENT |
| DAVID P. STEINER, | DISCRIMINATION |
| POSTMASTER GENERAL, | (TITLE VII – RETALIATION, HOSTILE |
| UNITED STATES POSTAL SERVICE, | WORK ENVIRONMENT, |
| Defendant | CONSTRUCTIVE DISCHARGE) |
| | DEMAND FOR JURY TRIAL |

PAGE NUMBER 1

## I. INTRODUCTION

Plaintiff Loverlene D. Hutchinson brings this civil action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-16. Plaintiff is an African American woman and brings this action based on retaliation, hostile work environment, and constructive discharge on account of her race, sex, and prior protected EEO activity.

Plaintiff was employed by the United States Postal Service for approximately nineteen years and most recently served as an Operations Manager at the Enterprise Customer Care Center ("ECCC") in Los Angeles, California.

Beginning in October 2023, after Teri Ruffin became Plaintiff's direct supervisor, Plaintiff was subjected to hostility, heightened scrutiny, and retaliatory conduct after reporting workplace misconduct and harassment.

Plaintiff reported the conduct to management and Human Resources and later filed complaints through the Equal Employment Opportunity ("EEO") process.

Rather than addressing Plaintiff's complaints, Defendant subjected Plaintiff to investigation, removed Plaintiff from the workplace through administrative leave, and created conditions that ultimately forced Plaintiff to resign.

Defendant's conduct created a hostile work environment and retaliated against Plaintiff for engaging in protected activity.

These facts demonstrate a pattern of retaliatory conduct that escalated after Plaintiff engaged in protected activity under Title VII.

II. JURISDICTION AND VENUE

This Court has jurisdiction pursuant to 28 U.S.C. §1331.

This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-16.

Venue is proper in the Central District of California pursuant to 42 U.S.C. §2000e-5(f)(3) because the unlawful employment practices occurred in Los Angeles County, California.

III. PARTIES

Plaintiff Loverlene D. Hutchinson is a former employee of the United States Postal Service.

At all relevant times Plaintiff worked at the Enterprise Customer Care Center in Los Angeles, California.

Plaintiff served as Operations Manager and supervised multiple employees and supervisors.

Defendant David P. Steiner is the Postmaster General of the United States Postal Service.

Defendant is sued in his official capacity as the head of the agency.

IV. ADMINISTRATIVE EXHAUSTION

Plaintiff exhausted all administrative remedies prior to filing this action.

Plaintiff initiated contact with the Equal Employment Opportunity process regarding harassment and retaliation.

Plaintiff filed a formal EEO complaint.

The United States Postal Service issued a Final Agency Action on December 5, 2025.

Plaintiff received the Final Agency Action and files this civil action within ninety days of receipt pursuant to 42 U.S.C. §2000e-16(c).

PAGE NUMBER 3

## V. FACTUAL BACKGROUND

Plaintiff's Employment

Plaintiff worked for the United States Postal Service for approximately nineteen years.

Plaintiff held leadership roles including Operations Manager at the Enterprise Customer Care Center.

Plaintiff supervised multiple employees and managers and had professional relationships with several supervisors at the facility.

Plaintiff also mentored and coached several employees who later became supervisors.

Prior Workplace Incident

Prior to Ruffin becoming Plaintiff's supervisor, Plaintiff had been involved in a prior Equal Employment Opportunity matter in approximately 2019–2020.

Plaintiff served as the manager of the employee who filed that EEO complaint.

During that matter management and agency attorneys instructed personnel not to discuss the substance of the EEO complaint outside the investigative process.

Despite those instructions, agency attorneys were required to send communications directing personnel to stop discussing the matter.

Plaintiff reported concerns about those discussions to site management, including Ronald Henry, who at the time served as Site Manager of the Enterprise Customer Care Center.

Plaintiff learned that information about the EEO matter had been discussed internally despite instructions not to do so.

Change in Supervision

In October 2023 Teri Ruffin became Plaintiff's direct supervisor.

Shortly after assuming supervisory authority over Plaintiff, Ruffin told Plaintiff that Plaintiff had nearly cost Ruffin her job during a prior workplace incident. Ruffin also stated that she did not trust Plaintiff. These statements, made by a direct supervisor at the outset of the supervisory relationship, established a hostile dynamic and put Plaintiff on notice that Ruffin harbored animus toward her based on Plaintiff's prior protected EEO activity.

Following these statements, Ruffin began subjecting Plaintiff to heightened scrutiny and criticism.

October 23 Meeting

On October 23, 2023, Ruffin conducted a meeting in which she asserted that numerous complaints had been made regarding Plaintiff's leadership.

Plaintiff later learned from a witness that the characterization of the meeting was misleading.

Plaintiff Reports Harassment

In November 2023 Plaintiff reported harassment concerns to Human Resources official Monica Holiday.

Plaintiff also notified Director David Colon of the situation.

Plaintiff continued to report concerns regarding Ruffin's conduct.

In January 2024 Plaintiff submitted an additional complaint and copied senior leadership including the Vice President of Human Resources.

Plaintiff reported the harassment concerns to Human Resources official Monica Holiday and other management officials. Plaintiff was later informed by Ms. Holiday and her supervisor that Plaintiff would not be privy to the outcome of the harassment inquiry. As a result, Plaintiff was never informed whether any corrective action was taken in response to the reported conduct. Defendant later represented in EEO documentation that management had followed up with Plaintiff regarding the matter. However, during sworn testimony in Plaintiff's unemployment hearing, Director David Colon stated that he did not receive a summary of the Human Resources investigation. These inconsistent statements raise questions regarding the accuracy of Defendant's representation that Plaintiff's complaints were adequately addressed and support an inference that Defendant's stated explanations for the actions taken against Plaintiff were pretextual.

Administrative Leave

Shortly after Plaintiff's complaint, Plaintiff was instructed by management to surrender her badge and laptop.

Plaintiff was placed on administrative leave.

Plaintiff remained on administrative leave for several months during the investigation.

Investigation

Management asserted allegations regarding misuse of a government credit card.

Plaintiff disputes the characterization of the alleged conduct.

PAGE NUMBER 6

Director David Colon acknowledged knowledge of Plaintiff's harassment complaints.

In EEO documentation Defendant asserted that management addressed Plaintiff's complaints.

However in later sworn testimony Colon indicated he had not received a summary of the Human Resources investigation.

These conflicting statements raise questions regarding Defendant's explanation for the actions taken against Plaintiff.

Plaintiff also experienced procedural irregularities related to the removal process, including issues concerning the timing and receipt of the notice of removal. The removal notice was not received through the normal mailing process prior to the effective date of the removal, limiting Plaintiff's ability to respond to the allegations before the stated effective date.

Medical Impact

During this period Plaintiff experienced significant and serious medical complications directly resulting from the workplace conditions and the stress of the retaliatory actions taken against her. Plaintiff was undergoing cancer treatment, including chemotherapy, during the period of retaliation and administrative leave. The compounding stress of the hostile work environment, unresolved harassment complaints, disciplinary investigation, and removal process caused Plaintiff to experience neurological symptoms and mini-strokes, which required medical treatment. The physical and emotional toll of simultaneously managing a serious illness while enduring a retaliatory workplace environment rendered Plaintiff's working conditions objectively intolerable.

Constructive Discharge

Due to the ongoing hostility, the unresolved harassment complaints, the procedurally defective removal process, and the severe and deteriorating impact on Plaintiff's health — including active cancer treatment and stress-induced neurological events — Plaintiff was left with no reasonable alternative but to resign on September 10, 2024. A reasonable employee in Plaintiff's position, facing retaliation, a flawed disciplinary process, and serious medical consequences, would have found the working conditions intolerable and felt compelled to resign.

The actions taken against Plaintiff occurred shortly after Plaintiff engaged in protected activity by reporting harassment and initiating the Equal Employment Opportunity process. The temporal proximity between Plaintiff's protected activity and the adverse actions taken against her — including removal from the workplace, placement on administrative leave, and initiation of a disciplinary investigation citing a government credit card issue — supports a reasonable inference that Defendant's stated justifications were pretextual and that its actions were motivated by retaliatory intent. This inference is further supported by the conflicting sworn statements of Director Colon regarding whether Plaintiff's harassment complaints were ever properly investigated and addressed.

VI. CLAIMS FOR RELIEF

Count I – Retaliation (Title VII)

Plaintiff engaged in protected activity by reporting harassment and filing EEO complaints.

Defendant was aware of Plaintiff's protected activity.

Despite this knowledge, Defendant subjected Plaintiff to adverse actions shortly thereafter, including removal from the workplace, placement on administrative leave, and initiation of a disciplinary investigation.

The timing of these actions supports an inference of retaliation.

PAGE NUMBER 8

Defendant's actions violated Title VII.

Count II – Hostile Work Environment

Plaintiff was subjected to harassment by her supervisor.

The harassment included hostility, heightened scrutiny, disciplinary actions, and other conduct that interfered with Plaintiff's ability to perform her duties.

The conduct was sufficiently severe or pervasive to create an objectively hostile work environment.

Defendant failed to take appropriate corrective action.

Count III – Constructive Discharge

Defendant created working conditions that were intolerable.

A reasonable employee in Plaintiff's position would have felt compelled to resign.

Plaintiff resigned on September 10, 2024 as a result of these conditions.

VII. DAMAGES

Plaintiff suffered significant emotional distress and physical harm as a direct and proximate result of Defendant's conduct. Damages include severe anxiety, depression, stress-induced neurological events including mini-strokes, and the aggravation of Plaintiff's serious medical condition during active cancer treatment. Plaintiff also suffered loss of career advancement opportunity, harm to professional reputation, and loss of the benefits and standing that accompanied nineteen years of federal service.

Plaintiff seeks compensatory damages.

Plaintiff seeks front pay.

Plaintiff seeks declaratory relief and costs of suit.

VIII. PRAYER FOR RELIEF

WHEREFORE Plaintiff respectfully requests judgment against Defendant including:

A. Compensatory damages

B. Front pay

C. Declaratory relief

D. Costs of suit

E. An order appointing counsel pursuant to 42 U.S.C. §2000e-5(f)(1), as Plaintiff proceeds pro se, presents non-frivolous claims of merit, and the complexity of this litigation and Plaintiff's serious medical condition make appointment of counsel necessary in the interest of justice.

F. Any additional relief the Court deems just and proper.

IX. JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

DATED: 03/08/2026

Respectfully submitted,

Loverlene D. Hutchinson

Plaintiff, Pro Se

PO Box 13304

Torrance, CA 90503

703-899-8039

loverlenehutchinson@gmail.com